JODY D. ANGEL (CSBN 193128)
LAW OFFICES OF JODY D. ANGEL, P.C.
20701 N. SCOTTSDALE ROAD, SUITE 107-145
SCOTTSDALE, ARIZONA 85255

TELEPHONE: (480) 284-7058
FACSIMILE:  (480) 284-7061

EDWARD C. TU (CSBN 210583)
LAW OFFICES EDWARD C. TU
750 E. GREEN STREET, SUITE 209
PASADENA, CALIFORNIA 91101

TELEPHONE: (626) 844-3588
FACSIMILE: (626) 844-3518

Attorneys for Movant,
SEACLIFF PROPERTIES



FILED
JAN 2 2 2008
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| | |
|---|---|
| In re:<br><br>AARON THEODORE ABDUS-SHAKOOR, II<br><br>Debtor,<br><br>NANCY K. CURRY,<br><br>Chapter 13 Trustee. | CASE NO. LA 07-19321-VZ<br><br>CHAPTER 13<br><br>**SEACLIFF PROPERTIES' NOTICE OF MOTION AND MOTION TO REOPEN CASE AND VACATE DISMISSAL ORDER WITHOUT IMPOSITION OF AUTOMATIC STAY TO ALLOW HEARING ON MOTION FOR RELIEF FROM STAY AND TO REENTER DISMISSAL ORDER AND CLOSE CASE AFTER ENTRY OR ORDER ON MOTION FOR RELIEF FROM STAY; MEMORANDUM OF POINTS AND AUTHORITIES; DELCARATION OF BRETT CYPRUS**<br><br>Date:<br>Time:<br>Ctrm: 1368 |

- 1

**TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on _____ at _____ or as soon thereafter as the matter may be heard in Courtroom 1368 of the above-entitled Court located at 255 E. Temple Street, Los Angeles, California, Movant SEACLIFF PROPERTIES ("Movant"), will move this Court for an order to reopen the case and vacate the dismissal to hear Movant's Motion for Relief From The Automatic Stay (the "Motion for Relief").

This motion is made pursuant to 11 U.S.C. §105 on the grounds that Movant was the successful third party bona fide purchaser of debtor's real property at a post-petition non-judicial foreclosure sale. Debtor filed the instant bankruptcy petition in bad faith and with the sole intention to frustrate attempts to foreclose on the property and not to effectively reorganize his affairs.

This motion is based upon this notice, the memorandum of points and authorities accompanying this motion, the Motion for Relief from the Automatic Stay, all moving papers, the court file of which judicial notice is requested, and such other oral or documentary evidence as may be presented at the time of hearing of this motion.

Date: January 16, 2008

Respectfully submitted,
LAW OFFICES OF JODY D. ANGEL, PC,
A Professional Corporation

By: _____
Jody D. Angel, Attorney for Movant,
SEACLIFF PROPERTIES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

The instant case filed by Debtor, Aaron Theodore Abdus-Shakoor, II ("Debtor") was filed in bad faith and in violation of the intent and spirit of the Bankruptcy Code. Two weeks post-petition and four (4) days prior to the subject foreclosure sale, a Grant Deed was recorded transferring the real property commonly described as 755 East 109th Street, Los Angeles, California 90059 ("Subject Property") from Tawala Sharp ("Trustor"), the borrower under the foreclosed deed of trust, to Debtor.[1] Curiously, the Grant Deed was executed by Trustor on January 1, 2005 but notarized on August 19, 2006. *Id.* The Grant Deed Notary Public was Sadara ***Abdus Shakoor***, who Movant suspects is related to Debtor. *Id.* Debtor's Chapter 13 Plan did not include paying back the Trustor's Deeds of Trust on the Subject Property.[2] A reasonable inference may be drawn that the sole purpose of this illegitimate transfer was to use Debtor's automatic stay to prevent the imminent sale of the Subject Property. Thus, Movant seeks annulment of the Automatic Stay pursuant to *11 U.S.C.* §362(d)(1) for "cause."

On July 10, 2007, a Notice of Default and Election to Sell ("NOD") was recorded as Instrument number 07-1629023 in the Official Records of the Los Angeles County Recorder's Office.[3] Thereafter, on October 17, 2007, a Notice of the Trustee Sale was recorded scheduling a non-judicial foreclosure sale of the Subject Property for November 6, 2007, at 11:00 am.[4]

Movant, appeared at the scheduled trustee's sale ("trustee's sale") and bid for the purchase of the Subject Property.[5] After competitive third party bidding, Movant's bid was accepted. *Id.* Immediately following the auctioneer's acceptance of Movant's bid, Movant

---

[1] *See* Exhibit "1", attached to Movant's Motion for Relief From the Automatic Stay ("MFR"), and incorporated herein by reference.
[2] *See* Exhibit "3", attached to Movant's MFR and incorporated herein by reference.
[3] *See* Exhibit "4", attached to Movant's MFR and incorporated herein by reference.
[4] *See* Exhibit "6", attached to Movant's MFR and incorporated herein by reference.
[5] *See* Declaration of Brett Cyprus, page 11, ¶ 17, attached hereto and incorporated by reference herein.

- 3 -

tendered certified funds for the full and complete amount of Movant's accepted bid for and purchase of the Subject Property. *Id.* Movant was given a receipt for its purchase and funds, and asked to and did provide information for the preparation, issuance and delivery of a trustee's deed upon sale. *Id. See also* Exhibit "5" attached to Movant's Motion for Relief from Stay.

At the times before and during the trustee's sale, neither Movant nor anyone working for it had any knowledge of nor information about the instant bankruptcy case.[6] At no time then was Movant or anyone working for it given a bankruptcy case number, the name of any debtor, the name of any Bankruptcy Court, a copy of any bankruptcy petition or pleading, any written notice of a bankruptcy stay, nor any copy of any communication between Debtor, his attorney, the banks and/or their agents.[7]

Movant was not given any specific information about the instant bankruptcy until after the trustee's sale.[8]

## I.    LAW AND ARGUMENT

### A. THE BANKRUPTCY COURT HAS THE INHERENT AUTHORITY TO PREVENT AN ABUSE OF THE BANKRUPTCY PROCESS BY MAKING ANY ORDER GRANTING RELIEF

*11 U.S.C.* § 105(a) of the *Bankruptcy Code* grants the Bankruptcy Court broad authority to protect the integrity of its jurisdiction and to prevent abuses of the judicial process and the policies and purposes of the Bankruptcy Code. *Section* 105(a) states:

> The Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title. No provisions of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent abuse of process."

---

[6] *See* Declaration of Brett Cyprus, page 11, ¶ 18, attached hereto.
[7] *See* Declaration of Brett Cyprus, page 12, ¶ 19, attached hereto.
[8] *See* Declaration of Brett Cyprus, page 12, ¶ 19, attached hereto.

- 4 -

The inherent power and duty of the bankruptcy judge to protect the bankruptcy system was discussed by the court in *Matter of Nikron, Inc.* (Bkrtcy.E.D. 1983) 27 B.R. 773, 777, wherein the court concluded that the bankruptcy judge had the authority to dismiss a Chapter 11 case on his motion in appropriate circumstances.

Further, *28 U.S.C.* § 1334(d) gives the court exclusive jurisdiction of all the property of the estate: "The district court in which a case under Title 11 is commenced or is pending shall have exclusive jurisdiction of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." The court therefore has the power to issue any order respecting the property which may affect the Debtor and any individual to whom he may subsequently transfer the property. Regulating subsequent "strawman" bankruptcies is within the Court's power. See *In re Wong* (Bkrtcy.C.D.Calif. 1983) 30 B.R. 87.

Moreover, although there is a general rule, under *11 U.S.C.* § 349(b), that the closing or dismissal of a bankruptcy case automatically deprives the bankruptcy court of jurisdiction over related proceedings, this Court has held that the bankruptcy court may exercise its discretion to retain jurisdiction over adversary proceedings even after the underlying case is dismissed. See *In re Carraher*, (9th Cir. 1992), 971 F.2d 327. The Court in *In re Carraher*, and its progeny have held that the bankruptcy court may exercise jurisdiction over related proceedings with due discretion given to judicial economy, the convenience of parties, farness and comity. *In re Carraher*, (9th Cir. 1992), 971 F.2d 327

Furthermore, the Bankruptcy Appellate Panel for the Ninth Circuit held that this Court has jurisdiction to make a ruling on a Motion to Annul Stay following the dismissal of a bankruptcy petition. See *In re Althea Kehaulani Aheong*, (9th Cir. BAP 2002), 276, B.R. 233.

In the above-captioned matter, all of the requisite factors are present to authorize this Court to retain jurisdiction and grant the requested relief.

### B. THE SUBJECT PROPERTY WAS NOT REFERENCED IN DEBTOR'S SCHEDULES NOR PROVIDED FOR IN DEBTOR'S CHAPTER 13 PLAN

Debtor failed to list the Subject Property on his Schedules or identify the Subject Property's lenders on his schedules. It is indisputable that the Debtor's Chapter 13 Plan of Reorganization pursuant to this Court's Order is binding upon the Debtor, this Court, and others. *See U.S.C.* § 1141(a); *See also, Stoll v. Gotlieb* (1938), 305 U.S. 165, 170-171; *Trulis v. Barton* (9th Cir. 1995), 107 F.3d 685, 691; *In re De Laurentiis Entertainment Group, Inc.* (9th Cir. 1992), 963 F.2 1269, 1274 n.8, cert denied 506 U.S. 918; *First Union Commercial Group v. Nelson, Mullins, et al. (In re Varat)* (4th Cir. 1996) 81 F.3d 1310, 1315-1317 (the debtor cannot assert rights inconsistent with the confirmed plan).

Significantly, Debtor never attempted to modify the confirmed Plan or his obligations thereunder. Following the completed trustee's sale, the lender under the Foreclosed DOT filed a Motion for Relief from the Automatic Stay seeking, among other things, annulment to validate the post-petition trustee's sale. However, on December 20, 2007, prior to the Motion for Relief hearing, the Order Dismissing the Case with Prejudice was entered due to Debtor's willful failure to comply with the requirement of Chapter 13. Debtor's conduct should not be rewarded or condoned and this court should respectfully grant the instant motion and provide Movant with an opportunity and hearing on Movant's Motion for Relief.

### C. DEBTOR'S RECORDING OF THE GRANT DEED FOUR (4) DAYS PRIOR TO THE TRUSTEE' SALE WAS IN BAD FAITH AND CONSTITUTES AN ABUSE OF THE SYSTEM.

Once a creditor establishes that the transfer of distressed property to the debtor was in close proximity to the filing of the bankruptcy case, a prima facie showing of bad faith has been

made, thus creating a rebuttable presumption of bad faith. The burden, thereafter, is on the debtor to establish good and sufficient reasons why the requested relief should not be granted. *In re Yukon Enterprises* (Bkrtcy.C.D.Cal. 1984) 39 B.R. 919, 921.

The recorded transfer a mere four (4) days prior to the scheduled trustee's sale combined with debtor's actions or inaction in the instant bankruptcy case reflects a coordinated effort by the Debtor and Trustor to frustrate the secured lenders attempts to recover the collateral under the defaulted loan. As this Court has noted:

> "While a debtor may lawfully avail himself of the protections of the automatic stay of *11 U.S.C.* § 362, he is barred from filing bankruptcy petitions for the predominant purpose of imposing the automatic stay...To allow the mortgagee to manipulate the judicial process through needless delays of the foreclosure is a fraud on creditors. [Citation omitted] Where, as here, debtors utilize the automatic stay without the intent or ability to reorganize their financial activities or effect a realistic payment plan, they are abusing the bankruptcy system." *In re Kinney* (Bk. C.D. Cal 1985), 51 B.R. 840, 844-845; *see also, In re Bluebird Ltd. Partnership* (Bk. C.D. Cal 1984), 41 B.R. 540, 543 (intent to cause hardship or delay is an abuse).

While the circumstances herein do not entirely mimic those in *In re Kinney*, supra, they are, equally as bad. In the Order of Dismissal with prejudice the court provided that "...debtor is prohibited from riling any bankruptcy proceeding under Title 11 U.S.C. at any time from the date of entry of this order, unless prior Court permission is obtained after hearing on regular noticed motion." Movant suspects this Court is already well-informed about debtor's bad faith conduct..

### III.    CONCLUSION

Based upon the foregoing, Movant's Motion for Relief from the Automatic Stay, and the declarations and memorandum of points and authorities in support thereof, it is respectfully requested that his court re-open the case and vacate the dismissal order without imposition of the automatic stay for the limited purpose of hearing the Motion for Relief from the Automatic Stay

1 | and to reenter the dismissal order after entry or order on the Motion for Relief from Stay and re-
2 | close the case.

Date:   January 16, 2008

Respectfully submitted,
LAW OFFICES OF JODY D. ANGEL, PC,
A Professional Corporation

By: _____
Jody D. Angel, Attorney for Movant,
SEACLIFF PROPERTIES

## DECLARATION OF BRETT CYPRUS

I, BRETT CYPRUS, declare and state as follows:

1. I have personal knowledge of the matter set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over eighteen (18) years of age and am the authorized agent for Movant with respect to Subject Property and I am authorized to make this Declaration on Movant's behalf. I make this Declaration in support of Movant's Motion to To Re-Open Case and Vacate Dismissal to Hear Movant's Motion For Relief From The Automatic Stay.

2. The instant bankruptcy case defines a bad faith filing by debtor and others to frustrate attempts to foreclose on real property.

3. Movant is the third party bona fide purchaser for value of the subject real property.

4. Just four (4) days prior to the date the trustee's sale was held, unbeknownst to Movant, the Trustor transferred his interest in Subject Property to Debtor.

5. At all times before and during the trustee's sale, neither Movant nor anyone working for it had any knowledge of, nor information about the instant bankruptcy case filed by Debtor.

6. At no time then was Movant or anyone working for it given a bankruptcy case number, the name of any debtor, the name of any Bankruptcy Court, a copy of any bankruptcy petition or pleading, any written notice of a bankruptcy stay, nor any copy of any communication between Debtor, his attorney, the banks and/or their agents.

7. Debtor did not account for the subject property on his schedules or his proposed Chapter 13 Plan.

8. Debtor failed to delineate the creditors or provide for payments to the creditors holding secured claims against the Subject Property on his Schedules or in his Chapter 13 Plan.

9. Following the completed trustee's sale, the lender under the Foreclosed Deed of Trust filed a Motion for Relief from the Automatic Stay seeking, among other things, annulment to validate the post-petition trustee's sale.

10. However, on December 20, 2007, prior to the Motion for Relief hearing, the Order Dismissing the Case with Prejudice was entered due to Debtor's willful failure to comply with the requirement of Chapter 13.

11. The instant case filed by Debtor, Aaron Theodore Abdus-Shakoor, II ("Debtor") was filed in bad faith and in violation of the intent and spirit of the Bankruptcy Code.

12. Two weeks post-petition and four (4) days prior to the subject foreclosure sale, a Grant Deed was recorded transferring the real property commonly described as 755 East 109th Street, Los Angeles, California 90059 ("Subject Property") from Tawala Sharp ("Trustor"), the borrower under the foreclosed deed of trust, to Debtor. *See* Exhibit "2", attached hereto and incorporated herein by reference. Curiously, the Grant Deed was executed by Trustor on January 1, 2005 but notarized on August 19, 2006. *Id.* The Grant Deed Notary Public was Sadara *Abdus Shakoor*, who Movant suspects is related to Debtor. *Id.*

13. A reasonable inference may be drawn that the sole purpose of this illegitimate transfer was to use Debtor's automatic stay to prevent the imminent sale of the Subject Property. Thus, Movant seeks annulment of the Automatic Stay pursuant to *11 U.S.C.* §362(d) (1) for "cause."

14. Debtor's Chapter 13 Plan did not include paying back the Trustor's Deeds of Trust on the Subject Property. *See* Exhibit "3", attached hereto and incorporated herein by reference.

15. The Notice of Default and Election to Sell ("NOD") was properly recorded on July 10, 2007, as Instrument number 07-1629023 in the Official Records of the Los Angeles County Recorder's Office. *See* Exhibit "4", attached hereto and incorporated herein by reference.

16. Thereafter, on October 17, 2007, a Notice of the Trustee Sale was recorded scheduling a non-judicial foreclosure sale of the Subject Property for November 6, 2007, at 11:00 am. *See* Exhibit "6", attached hereto and incorporated herein by reference.

17. Movant, appeared at the scheduled trustee's sale ("trustee's sale") and bid for the purchase of the Subject Property. After competitive third party bidding, Movant's bid was accepted. Immediately following the auctioneer's acceptance of Movant's bid, Movant tendered certified funds for the full and complete amount of Movant's accepted bid for and purchase of the Subject Property. Movant was given a receipt for its purchase and funds, and asked to and did provide information for the preparation, issuance and delivery of a trustee's deed upon sale. *See* Exhibit "5", a true and correct copy of the Receipt and Instructions attached hereto and incorporated herein by reference.

18. At the times before and during the trustee's sale, neither Movant nor anyone working for it had any knowledge of nor information about the instant bankruptcy case. At no time then was Movant or anyone working for it given a bankruptcy case number, the name of any debtor, the name of any Bankruptcy Court, a copy of any bankruptcy petition or pleading,

- 11 -

any written notice of a bankruptcy stay, nor any copy of any communication between Debtor, his attorney, the banks and/or their agents.

19.    Movant was not given any specific information about the instant bankruptcy until after the trustee's sale.

I declare under penalty of perjury according to the laws of the United States of America that the foregoing is true and correct.

Executed this ____ day of January 2007, at Paramount, California.

                                                       Brett Cyprus

1 | any written notice of a bankruptcy stay, nor any copy of any communication between Debtor, his
2 | attorney, the banks and/or their agents.

3 |    19.   Movant was not given any specific information about the instant bankruptcy until
4 |
5 | after the trustee's sale.

   I declare under penalty of perjury according to the laws of the United States of America that the foregoing is true and correct.

   Executed this ___ day of January 2008, at Paramount, California.

_____
Brett Cyprus

# PROOF OF SERVICE

I, Jody D. Angel, declare as follows:

I am employed in the County of Maricopa, State of Arizona. I am over the age of eighteen (18) and not a party to the within action. My business address is 20701 N. Scottsdale Road, Suite 107-0145, Scottsdale, AZ 85255. I am readily familiar with the practices of the Law Offices of Jody D. Angel for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On January 18, 2008, I served the within **SEACLIFF PROPERTIES' NOTICE OF MOTION AND MOTION TO REOPEN CASE AND VACATE DISMISSAL ORDER WITHOUT IMPOSITION OF AUTOMATIC STAY TO ALLOW HEARING ON MOTION FOR RELIEF FROM STAY AND TO REENTER DISMISSAL ORDER AND CLOSE CASE AFTER ENTRY OR ORDER ON MOTION FOR RELIEF FROM STAY; MEMORANDUM OF POINTS AND AUTHORITIES; DELCARATION OF BRETT CYPRUS** on all interested parties in this action as follows: **SEE ATTACHED MAILING LIST**

[X] by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

[X] (BY MAIL SEVICE) I placed such envelope(s) for collection to be mailed first class on this date following ordinary business practices.

[ ] (BY FEDERAL EXPRESS – NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Federal Express, Airbill No. _____, with the delivery fees provided for.

[X] (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

[ ] (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 18, 2008, at Scottsdale, Arizona.

_____
Jody D. Angel

CASE NO.: LA 07-19321-VZ
DEBTOR : ABDUS-SHAKOOR, AARON THEODORE II

## INTERESTED PARTIES

Aaron Theodore Abdus-Shakoor, II
1928 New York Drive
Altadena, CA 91001
Debtor

Sabbir Ahmed, Esquire
16400 Ventura Boulevard, Suite 305
Encino, CA 91436
Attorney for Debtor

Nancy K. Curry
606 South Olive Street, Suite 1850
Los Angeles, CA 90014
Chapter 13 Trustee

Tawala Sharp
755 East 109th Street
Los Angeles, CA 90059
Borrower

Tawala Sharp
13210 Riverside Drive
Sherman Oaks, CA 91423
Borrower

Occupant
755 East 109th Street
Los Angeles, CA 9005

Polk, Prober & Raphael, A Law Corporation
Attorneys for Movant
P.O. Box 4365
Woodland Hills, CA 91365-4365

United States Trustee
725 S. Figueroa Street, 26th Fl.
Los Angeles, CA 90017-5524